# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6609 | **DATE** | 4/9/2003 |
| **CASE TITLE** | | Maton vs. Comm IRS | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted. Status hearing set for 4/14/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | APR 10 2003 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TH✓ | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL MATON, )
)
Plaintiff, )
) No. 02 C 6609
v. )
)
COMMISSIONER OF INTERNAL REVENUE, )
)
Defendant. )

DOCKETED
APR 1 0 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge

Plaintiff Paul Maton has appealed a determination of the Internal Revenue Service ("IRS") General Appeals Division. Defendant Commissioner of Internal Revenue seeks dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Lexington Securities was a licensed securities dealer which terminated its affairs and ceased operations in 1995. Plaintiff served on the Board of Directors of Lexington Securities in 1995. When Lexington Securities terminated its affairs, Plaintiff "saw to the sale of assets, hiring of accountants and filing of reports."

Lexington Securities failed to pay its federal employment taxes for the third and fourth quarters of 1995. On November 1, 1999, the IRS sent Plaintiff a Letter 1153 (the "Letter") informing him that:

> The business named above owes Federal taxes described in the

>enclosed Form 2751, Proposed Assessment of Trust Fund
>Recovery Penalty. Our efforts to collect these taxes haven't been
>successful, so we plan to assess a penalty against you.

The Letter explained that the "law provides that individuals who were required to collect, account for, and pay taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes." Because Lexington Securities did not pay its third and fourth quarter employment taxes and because the IRS deemed Maton responsible based on his role at the company, the IRS informed Maton that it planned to "charge [him] an amount equal to the unpaid trust fund taxes which the business still owes the government. This personal liability is called the Trust Fund Recovery Penalty."

The Letter further stated:

>If you don't agree, have additional information to support your case
>and wish to try to resolve the matter informally, contact the person
>named at the top of this letter within ten days form the date of this
>letter.

>You also have the right to appeal or protest this action and you may
>also have the right to a delay before we collect the money. You
>may request either of these within 60 days from the date of this
>letter . . . .

The IRS sent the Letter via certified mail, and Maton signed the Domestic Return Receipt for the Letter on November 13, 1999. Despite being notified of his right to do so, Plaintiff never contacted the person named at the top of the Letter. Furthermore, he never appealed or protested the proposed assessment.

Plaintiff subsequently received a Notice of Assessment from the IRS informing him that he was being assessed a trust fund recovery penalty under 26 U.S.C. § 6672 for an amount equal to the unpaid employment taxes of Lexington Securities for the third and fourth quarters of 1995.

Plaintiff did not pay the assessed amount. Accordingly, on April 25, 2001, the IRS issued Plaintiff a Final Notice of Intent to Levy. The Notice advised him of his right to request a Collection Due Process hearing. Plaintiff thereafter requested such a hearing and the IRS granted him one.

During the Collection Due Process hearing, Plaintiff attempted to challenge the amount of the assessment and his responsibility for such an assessment. Maton argued that he was not a "responsible person" as defined in the IRS Code. The IRS did not permit Plaintiff to raise these issues at the Collection Due Process hearing because he previously had failed to avail himself of the opportunity to raise them as set forth in the Letter.

After the hearing, the Appeals Office sustained the IRS' proposed enforced collection activity. The Appeals Office issued a Notice of Determination Concerning Collection Action under Section 6320 and/or 6330. The Summary and Recommendation provided:

> The taxpayer's claim that he was not a responsible party prompted the request of the Trust Fund Recovery Penalty investigation file. The file shows that the taxpayer was advised of the Service's intent to assert the Trust Fund Recovery Penalty against him and sent the Letter 1153 by Certified Mail to the taxpayer's address in California, where he still resides. The certified mailing was signed for by the taxpayer on November 13, 1999. He failed to protest the assessment prior to assessment. Since this is the case, the liability can not be an issue for consideration in the Collection Due Process Hearing.

Plaintiff is not seeking review of the Appeals Office's decision to allow collection by levy. Nor is he seeking review of any matters that were addressed at the collection due process hearing. Instead, Plaintiff's suit attempts to litigate matters that the Appeals Office did not consider.

3

## ANALYSIS

### A. Legal Standard

The standard for Rule 12(b)(1) and Rule 12(b)(6) motions is similar. The Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). As the Seventh Circuit recently noted, "if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chemical Co.*, No. 01-1693, 2003 WL 910592, at *2 (7th Cir. Mar. 10, 2003). *See also United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus*, 2003 WL 910592 at *2.

### B. The Court's Jurisdiction

Section 6630 of the Internal Revenue Code sets forth the parameters of this Court's jurisdiction to review a determination by the IRS Appeals Division. Section 6630 limits this Court's jurisdiction to issues properly raised and considered during the collection due process hearing. 26 U.S.C. §6330(d)(1)(B); *Konkel v. Commission of Internal Revenue*, 2000 WL 1819417, at *3 (M.D. Fla. Nov. 6, 2000).

The Appeals Court refused to entertain the arguments Plaintiff raises here because Maton failed to address them at a prior opportunity. The issues the Appeals Court can consider are set forth in Section 6330(c) of the code. *See* 26 U.S.C. § 6330(c). Section 6330(c)(2)(B) specifically states that challenges may be raised regarding the existence or amount of the

4

underlying liability "*if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.*" 26 U.S.C. § 6330(c)(2)(B) (emphasis added). It is undisputed that Plaintiff received the Letter and failed to challenge his responsibility for the tax or the amount of assessment as provided for in the letter. Accordingly, Section 6330(c) barred Plaintiff from raising any issues during the Collection Due Process hearing that he did not raise in response to the Letter. Because the Appeals Court did not address these issues during the hearing, this Court does not have jurisdiction to entertain them.

Plaintiff's reliance on Section 6320 of the Internal Revenue Code is misplaced. Section 6320 applies to the filing of a notice of a lien. Here, the IRS issued a final notice of intent to levy, thus Section 6330 applies.

## CONCLUSION

Defendant's motion to dismiss the case for lack of subject matter jurisdiction is granted.

Dated: April 9, 2003

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge